———————

No. 95-3361

———————

Kelley Bagby,                         *
                                      *
          Appellee,                   *
                                      *  Appeal from the United States
     v.                               *  District Court for the
                                      *  Eastern District of Arkansas.
Steve Brondhaver,                     *
                                      *
          Appellant.                  *

———————

              Submitted:  September 9, 1996

                 Filed:  October 28, 1996
              ———————

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
              ———————

LOKEN, Circuit Judge.


     Deputy sheriff Steve Brondhaver appeals an order denying his motion
for a qualified immunity dismissal of Kelly Bagby's 42 U.S.C. § 1983 claim.
Concluding that Brondhaver's arrest warrant affidavit did not contain
objectively unreasonable falsehoods under Franks v. Delaware, 438 U.S. 154
(1978), we reverse.


     Between November 1991 and February 1992, Brondhaver was investigating
possible sexual abuse of Bagby's seven-year-old nephew, J.T., and his two-
year-old sister.  Medical examinations revealed that both children were
likely victims of sexual abuse.  During three lengthy taped interviews,
J.T. told Brondhaver and other officers that he and his sister had been
sexually abused by their mother and several of her male friends.  J.T.
related numerous instances of abuse in great detail, naming the abusers.

J.T. did not discuss Bagby during the first two interviews. On February 1, 1992, during the third interview, J.T. said that Bagby's young son had "learn[ed] things from his daddy" and had abused J.T. and another boy. Brondhaver then asked, "Has Kelley [Bagby] ever touched you?" J.T. replied, "No." However, later that day, Vernon Ivy confessed that he had participated in some of the sexual abuse committed by the group of adults accused by J.T., and Ivy told Brondhaver that Ivy had seen Bagby "sucking on [J.T.'s] peter" in a room at Joy Lee Pouge's apartment.

On February 4, Brondhaver presented nine affidavits to a Stone County Municipal Judge seeking warrants for the arrest of Bagby, J.T.'s mother, and three men. For each of the other four targets, Brondhaver presented two affidavits, one reciting that the target "has committed sexual intercourse and deviate sexual activity" with "victim John Doe" (J.T.), and the other reciting the same misconduct with "victim Jane Doe" (J.T.'s sister). Each of those eight affidavits stated that the information was based in part upon "statements from [J.T.]," accurately reflecting that J.T. had expressly accused each of the four targets of sexual abuse. For Bagby, Brondhaver submitted one affidavit, which recited:

> Based on information obtained by me from witnesses statements indicate that Kelley Bagby has committed deviate sexual activity with the victim John Doe w/m DOB 5-31-84 being approximately 4 to 5 years old at the time of the assaults, date 1-10-90 thru 7-90 took John Doe to Joy Lee Pouge residence to bedroom, and sexually assaulted John Doe. - Pacifically inserting his penis into her mouth. Cheryl Twyford allowed incident to occur. Statements from witnesses indicate that the suspect was observed having sex with the victim John Doe.

The Municipal Judge issued warrants to arrest each target. Bagby was arrested and charged with rape. The charges against her were later dismissed without prejudice by another judge, who concluded that Brondhaver's affidavit had misled the Municipal Judge because it did not include J.T.'s exculpatory statement, it

-2-

did not disclose the reliability of witness Ivy, and the last sentence "would lead a reasonable person to believe that more than one person witnessed the alleged sexual activity."

Bagby then filed this § 1983 damage action, alleging that Brondhaver violated her Fourth and Fourteenth Amendment rights by submitting a false and misleading affidavit. The district court denied Brondhaver qualified immunity because "[i]t was not objectively reasonable for the defendant to submit an affidavit that contained materially false statements." Brondhaver appeals. The parties agree that this qualified immunity order is immediately appealable. See Behrens v. Pelletier, 116 S. Ct. 834, 842 (1996); Reece v. Groose, 60 F.3d 487, 489 (8th Cir. 1995).

Brondhaver is entitled to qualified immunity if his conduct did not violate clearly established rights of which a reasonable person would have known. The doctrine "gives ample room for mistaken judgments but does not protect the plainly incompetent or those who knowingly violate the law." Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995), quoting Malley v. Briggs, 475 U.S. 335 (1986). A warrant based upon an affidavit containing "deliberate falsehood" or "reckless disregard for the truth" violates the Fourth Amendment. Franks, 438 U.S. at 171. An official who causes such a deprivation is subject to § 1983 liability. See Burk v. Beene, 948 F.2d 489, 494 (8th Cir. 1991).

The lynchpin of qualified immunity is the public official's *objective* reasonableness. See Harlow v. Fitzgerald, 457 U.S. 800 (1982). Bagby accuses Brondhaver of a constitutional tort in which his motive may be a central element. Other circuits confronting this paradox have concluded that, if defendant's bad motive is relevant to the § 1983 claim, plaintiff may defeat summary judgment on qualified immunity grounds by producing specific, nonconclusory support for the claim of unconstitutional motive. See Tompkins v. Vickers, 26 F.3d 603, 608 (5th Cir. 1994); Branch v. Tunnell, 937

F.2d 1382, 1387 (9th Cir. 1991); <u>Elliott v. Thomas</u>, 937 F.2d 338, 345 (7th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1074 (1992); <u>Pueblo Neighborhood Health Ctrs. v. Losavio</u>, 847 F.2d 642, 649 (10th Cir. 1988); <u>Martin v. D.C. Metro. Police Dept.</u>, 812 F.2d 1425, 1433 (D.C. Cir. 1987). <u>Cf. Siegert v. Gilley</u>, 500 U.S. 226, 235-36 (1991) (Kennedy, J., concurring). That was essentially our approach in <u>Moody v. St. Charles County</u>, 23 F.3d 1410, 1412 (8th Cir. 1994), where defendant was accused of lying in a warrant affidavit to cover up his own wrongdoing, and a divided panel concluded that plaintiff's showing of deliberate falsehood was insufficient to defeat qualified immunity.

This case does not involve a deliberate falsehood claim.[1] Rather, Bagby relies upon the prong of <u>Franks</u> that holds a warrant affidavit constitutionally infirm if it reflects a material and reckless disregard for the truth. That was the issue in <u>Burk v. Beene</u>, where we affirmed the denial of qualified immunity because defendant was not objectively reasonable in submitting an affidavit containing material statements she should have known to be false. This prong of <u>Franks</u> is governed by an objective standard that is quite amenable to qualified immunity review -- whether the warrant affidavit was so materially false that defendant manifested reckless disregard for the truth in submitting it.

In applying this objective standard, we bear in mind another facet of the <u>Franks</u> decision -- a warrant may not be collaterally attacked by a criminal defendant, the Supreme Court explained, if all the false and reckless portions of a warrant affidavit are corrected and the corrected affidavit still supports a finding of probable cause. 438 U.S. at 171-72. Like the Second Circuit in <u>Soares v. State of Conn.</u>, 8 F.3d 917, 920 (2d Cir. 1993), we conclude from this that qualified immunity is appropriate if

---

[1]At oral argument, counsel for Bagby confirmed that she has no evidence Brondhaver deliberately lied in his warrant affidavit.

-4-

defendant has been accused of submitting a recklessly false affidavit and if a corrected affidavit would still provide probable cause to arrest or search.[2] We have doubts about the converse statement in <u>Soares</u> -- that defendant is never entitled to qualified immunity if the corrected affidavit is insufficient -- because that rule may in some cases fail to serve the qualified immunity purpose of sparing all but the plainly incompetent from § 1983 damage liability.

We need not resolve that issue here because we conclude that a corrected Brondhaver affidavit would have provided probable cause to arrest. Bagby argues that the most egregious error in Brondhaver's affidavit was the failure to disclose J.T.'s response that Bagby had not touched him. But Brondhaver's other eight affidavits *to the same Municipal Judge* all stated that J.T. had accused the target of sexual abuse. It is hardly reckless disregard for the truth for Brondhaver to assume that a careful magistrate would note and correctly interpret this omission from the Bagby affidavit. Bagby also relies on Brondhaver's failure to disclose witness Ivy's background as a known child molester then facing criminal charges. But fuller disclosure would have arguably strengthened the probable cause showing, for Ivy had confessed as a participant to intimate knowledge of widespread sexual abuse by a large group of adults, including those specifically accused by J.T., and as a part of that confession had described in detail his first-hand observation of Bagby sexually abusing J.T.

The nine Brondhaver affidavits reflect hurried drafting and inadequate attention to the fact that he had less information of sexual abuse by Bagby than by the other four targets. A corrected

---

[2]We express no view as to whether a defendant whose affidavit contained a deliberate falsehood should be entitled to qualified immunity if a corrected affidavit would still provide probable cause. A more stringent rule may be appropriate when a liar seeks the benefit of this defense.

Bagby affidavit would make clear that only one eyewitness accused her of sexual abuse, whereas both Ivy and J.T. had accused the other four. It would disclose J.T.'s ambiguous denial and Ivy's confessed misdeeds. Finally, Bagby argues that "sex" in the last sentence of the affidavit must be corrected to "oral sex," although we see little risk that the Municipal Judge construed the word "sex" to mean sexual intercourse between a five-year-old boy and an adult woman.

With these corrections, the Bagby affidavit would still contain a detailed description of alleged sexual abuse provided by an eyewitness. In our view, this is sufficient to establish probable cause to arrest. See United States v. Wold, 979 F.2d 632, 634 (8th Cir. 1992); United States v. Reivich, 793 F.2d 957, 963 (8th Cir. 1986). Therefore, Brondhaver is entitled to qualified immunity and dismissal of Bagby's § 1983 claims.

The order of the district court is reversed. The case is remanded with directions to dismiss Bagby's federal claims with prejudice and her pendent state law claims without prejudice. We grant appellant's motion for leave to file a supplemental brief.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.