# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3585EA

_____

| | | |
|---|---|---|
| Emanuel Devose, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Terry Addison, Detective, Pine Bluff | * | On Appeal from the United |
| Police Department, | * | States District Court |
| | * | for the Eastern District |
| Appellant, | * | of Arkansas. |
| | * | |
| City of Pine Bluff; Jefferson County, | * | |
| Arkansas; Robert Thomas, Officer, | * | |
| South East Drug Task Force, El | * | |
| Dorado Police Department, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted:  February 23, 1999

Filed: April 20, 1999

_____

Before RICHARD S. ARNOLD, WOLLMAN, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Detective Terry Addison brings this interlocutory appeal from the District Court's order denying his motion for summary judgment, based on qualified immunity, in Emanuel Devose's 42 U.S.C. § 1983 action. Devose alleged that Robert Thomas, an undercover officer with another police department, conspired with Addison in the filing of an information charging Devose "A/K/A Curtis Jones" with a May 21, 1988, drug sale to Thomas and a confidential informant; and that Addison and Thomas knowingly gave false testimony at Devose's trial. Devose was convicted and imprisoned for the drug sale, but he obtained habeas relief in federal court and then filed this suit.[1]

Part of our task in reviewing the denial of a motion for summary judgment based on qualified immunity is deciding whether the claimant has asserted the violation of a clearly established federal right. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). Devose identified a clearly established right not to be arrested in the absence of probable cause, see Hannah v. City of Overland, 795 F.2d 1385, 1389 (8th Cir. 1986), and not to be arrested on the basis of an officer's deliberately false information, see Bagby v. Brondhaver, 98 F.3d 1096, 1098 (8th Cir. 1996). He failed, however, to offer evidence that Addison was involved in a violation of these rights. See Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (allegations must be substantiated with sufficient probative evidence); cf. Walden v. Carmack, 156 F.3d 861, 870-71 (8th Cir. 1998) (sheriff entitled to qualified immunity from § 1983 claim related to issuance of search warrant, because sheriff did not participate in any misrepresentation of information to issuing judge). Devose also

---

[1]The District Court granted habeas relief on the grounds that jury selection was racially discriminatory, the trial court should have ordered disclosure of the informant's identity, and the prosecutor should have investigated Thomas's credibility and disclosed impeaching evidence about him to the defense. Devose v. Norris, 867 F. Supp. 836 (E.D. Ark. 1994). This Court affirmed as to the first two grounds, but held that the third ground was procedurally defaulted. Devose v. Norris, 53 F.3d 201 (8th Cir. 1995).

failed to rebut Addison's evidence that Addison testified only to what Thomas told him on May 21 about the drug sale, namely, that Thomas had bought cocaine from a black male, about 24 or 25 years of age, who had wavy black hair, was about 6'4" tall, weighed 200 pounds, and was identified (by the informant) as Curtis Jones.

Further, Devose failed to offer evidence that Addison could not reasonably rely on Thomas's identification of Devose, which occurred after Addison sent Thomas a single photo of Devose taken upon his June 3 arrest for possession of marijuana. See Manson v. Brathwaite, 432 U.S. 98, 101, 114-17 (1977) (officer's use of single photo with fellow officer not "failure of constitutional dimension"); United States v. Ventresca, 380 U.S. 102, 111 (1965) (observations of fellow officers in common investigation are reliable basis for warrant). Relying on Maxwell v. City of Indianapolis, 998 F.2d 431 (7th Cir. 1993) (denying arresting officers qualified immunity), Devose also argues probable cause was lacking because he was 4 inches taller and 15 pounds lighter than the "Curtis Jones" described in Addison's May 21 typewritten report (in which Addison had mistakenly listed the suspect's height as 6'2"). Maxwell is distinguishable, however: in that case, there were glaring physical inconsistencies (the plaintiff was missing the tip of a different finger, and was 6 inches taller and 100 pounds heavier than the fugitive), and the plaintiff's coworkers contacted the police after watching the television show "America's Most Wanted," see Maxwell, 998 F.2d at 432-33; here, fellow officer Thomas positively identified Devose, who generally fit the description Thomas had given Addison (as reflected in Addison's field notes), and who was later arrested in the same area for a similar offense.

Accordingly, we reverse and remand with instructions to grant summary judgment in favor of Addison on the ground of qualified immunity.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.