# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2202

_____

|  |  |  |
|---|---|---|
| John G. Hulse; Harvey D. DeMars, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | North Dakota. |
| Roger Hall, Bottineau County Sheriff, | * | |
| in his official and individual capacity, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  December 15, 1999

Filed:  December 23, 1999

_____

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and BATTEY,[*] District
Judge.

_____

PER CURIAM.

Several farmers reported the theft of wheat from grain bins located on
unoccupied farmsteads or in remote areas of Bottineau County, North Dakota.  County
Sheriff Roger Hall's investigation resulted in the arrests of John G. Hulse and Harvey
D. DeMars.  All charges against Hulse and DeMars were eventually dropped, and

_____

[*]The Honorable Richard H. Battey, United States District Judge for the District
of South Dakota, sitting by designation.

Hulse and DeMars brought this 42 U.S.C. § 1983 action against Hall, alleging Hall provided false information and omitted material facts in the verified complaint on which the warrants for their arrests were based. The district court granted Hall's summary judgment motion on qualified immunity grounds.

Hulse and DeMars appeal, arguing the district court should not have granted Hall's summary judgment motion because "a reasonably well-trained officer in Hall's position would have known that the information [he] supplied to establish probable cause was false[] and that he should not have applied for an arrest warrant." (Appellants' Br. at 14.) Hall is entitled to summary judgment on qualified immunity grounds if "his conduct did not violate clearly established rights of which a reasonable person would have known." Bagby v. Brondhaver, 98 F.3d 1096, 1098 (8th Cir. 1996). Hulse's and DeMars's clearly established rights include the Fourth Amendment right to a truthful factual showing sufficient to establish probable cause. See id. If Hall's verified complaint contained deliberate falsehoods or omitted certain information as Hulse and DeMars allege, Hall is only entitled to qualified immunity from § 1983 liability "if all the false and reckless portions of [the verified complaint] are corrected and the corrected [complaint] still supports a finding of probable cause." Id. at 1099; accord Velardi v. Walsh, 40 F.3d 569, 573-74 (2d Cir. 1994).

Before arresting Hulse and DeMars, Hall conducted an investigation and learned that the thefts occurred in the same area during the same time period, that DeMars was seen alone at another farmer's bin during the relevant timeframe with an auger backed up to the bin, and that DeMars fabricated a story to explain his presence at the grain bin. As well, Hall learned that Hulse was reported driving DeMars's grain truck loaded with wheat in the middle of the night in the same general area and that Hulse abandoned the truck when police responded to the report and hid in an area farm building. Although Hall interviewed several custom combiners who now allege they told Hall they hauled Hulse's and DeMars's combined wheat to bins, suggesting Hulse and DeMars legitimately possessed the wheat they were hauling around the time of the

thefts, Hall also interviewed grain elevator employees and grain haulers and concluded from their statements that Hulse and DeMars had emptied their grain bins before the thefts and thus had no grain of their own to sell or haul at the time. Hall also knew that test results showed none of the wheat Hulse and DeMars possessed could be matched to wheat samples taken from the bins where the thefts occurred. Hall omitted these test results from his verified complaint and did not state that the custom combiners told him they hauled grain to bins owned by Hulse and DeMars.

We have carefully reviewed the record and the parties' arguments and conclude a corrected version of Hall's verified complaint, which includes the test results and specifically references the information provided by the custom combiners, still presents evidence sufficient to establish probable cause to arrest Hulse and DeMars. Hall was thus entitled to qualified immunity, see Bagby, 98 F.3d at 1099-1100, and we affirm the district court's grant of summary judgment to Hall.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.