# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3427

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Maurice Deshaun Powell, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 11, 2004
Filed: August 16, 2004

_____

Before LOKEN, Chief Judge, BRIGHT, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Maurice Deshaun Powell was indicted by a federal grand jury charging him with possession with intent to distribute in excess of fifty grams of a mixture or substance containing a detectible amount of cocaine base, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Powell entered a conditional plea of guilty preserving the issue of whether police officers properly entered his residence seeking to arrest a third-party suspect. The district court[1] sentenced Powell to seventy months' imprisonment and three years' supervised release. Powell was also

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

ordered to pay a $100 special assessment. Powell now appeals and asserts that the district court erred in denying his motion to suppress the search conducted at his residence. We affirm.

## I.

On December 17, 2002, Officer Mark Beaupre and other officers from the Minneapolis Police Department teamed with Hennepin County drug court[2] probation officers to locate and arrest various defendants who had failed to appear in drug court. As a result, the defendants' name and address appeared on a warrant list of offenders. The officers went to 2226 Glenwood Avenue, Apartment 1, in Minneapolis, Minnesota, to execute an arrest warrant for Yargamar Bausel.[3] Beaupre did not have

---

[2] Hennepin County, Minnesota, operates a specialized court ("drug court") designed to handle all felony-drug crime violations in the county. When an individual is arrested and charged in drug court, the defendant meets with a pre-trial evaluator for a bail assessment. Defendants who appear in drug court and are conditionally released must first provide personal information, including a current address and verification information. This information is used to start a case file concerning the defendant's conditional release. The information is used by drug court probation officers, the court, and attorneys. A defendant on pre-trial release is required to provide the drug court probation officer assigned to his or her case updated information regarding any change of address. If the defendant, on pre-trial release, fails to appear for court, an arrest warrant is issued.

[3] Yargamar Bausal had been arrested on July 31, 2001, and made his first appearance in drug court on August 1, 2001. Bausal met with a drug court probation evaluator and gave his home address as 2226 Glenwood Avenue, Apartment 1, Minneapolis, Minnesota. Bausal told the evaluator that he had been living there for two years with a woman named Royette Clark. Bausel was released on bond with required conditions.

Bausel's 2226 Glenwood Avenue address was recorded in the Adult Field Services ("AFS") database system, an electronic filing system, used by pre-trial release officers to keep track of defendants. On August 27, 2002, Bausel failed to appear for a jury trial, and a bench warrant was issued for his arrest. The warrant

a copy of the bench warrant–with Bausal's current address–in his possession when he began his search for defendants on the list. Instead, Beaupre relied on the warrant list given to him by the probation officer that accompanied Beaupre during the operation.

Beaupre, the probation officer, and another Minneapolis officer began their operation around 5:00 a.m. Beaupre's team was assigned to find and arrest a number of people, including Bausel. Before going to the 2226 Glenwood address listed for Bausel, the team went to three other defendants' addresses provided on the warrant list. At two of the addresses, the officers located and arrested the defendant listed; however, at the third address, the officers found no one home.

At approximately 8:00 a.m., the officers arrived at the Glenwood address. As Beaupre's team approached the apartment they did not notice any signs or markings on the outside of the apartment listing the names of the apartment's occupants. Once on the porch, the officers noticed that the door to the apartment was ajar. They knocked on the door and announced their presence, but no one responded. The officers then entered the apartment in an effort to locate Bausel.

Once inside, the officers saw a man lying on the couch asleep. While speaking to the man on the couch, Beaupre was approached by Cherokee Moore, Maurice Powell's girlfriend. Moore asked the officers why they were there, and they responded that they were there to execute a "warrant pick-up." When Beaupre asked if anyone

---

listed 8216 West 31st Street, Apartment 6, St. Louis Park, Minnesota, as Bausal's recent address.

Julie Pribil, a drug management assistant, placed Bausal's name and the 2226 Glenwood address–provided by the AFS system–on a list along with 300 other wanted drug court pre-trial releasees who had violated their conditional releases. The warrant list of offenders was provided to a drug court probation supervisor with the Fugitive Apprehension Unit.

else was in the apartment, Moore stated that only her two children were present, and pointed to a bedroom. Immediately after his encounter with Moore, Beaupre saw a man (later identified as Maurice Powell) run from a room near the rear of the apartment to the bathroom. Beaupre immediately followed the man. Beaupre chased Powell into the bathroom where he found Powell standing near a wastebasket that contained a large amount of crack cocaine in plain view. Officer Beaupre recovered the narcotics and arrested Powell.

At the scene, Powell told the officers that he, not Moore, owned the crack cocaine. After transporting him to the station, Beaupre read Powell his *Miranda* rights. Powell appeared to understand the warning, waived his rights, and gave a statement to Beaupre restating his previous admission that the drugs found were his and not Moore's.

Powell moved to suppress the drugs, contending that the entry into his home to execute an arrest warrant for Bausel violated his Fourth Amendment rights. The motion to suppress was heard before a magistrate judge who filed her report and recommendation that the motion be denied.

The district court adopted the magistrate's report and recommendation in its entirety. The court concluded that Beaupre's team had sufficient grounds to reasonably believe that Bausal resided at 2226 Glenwood. The court noted that the officers, relying on a warrant list supplied by the Hennepin County drug court, were not under an obligation to conduct an independent full-scale investigation. The district court found that Beaupre's team was entitled to enter the 2226 Glenwood apartment, and thus the seized evidence was not fruit of the poisonous tree. As a result of its findings, the court denied Powell's motion to suppress.

Powell entered a conditional plea of guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). In

the plea, Powell preserved the right to appeal the district court's denial of his motion to suppress.

## II.

On appeal, Powell asserts that Beaupre's team's entry into his 2226 Glenwood apartment was illegal. Specifically, Powell contends that the officers' entry into his apartment to execute an arrest warrant for Bausal, who did not reside at 2226 Glenwood, violated his Fourth Amendment rights.

The Supreme Court held in *Payton v. New York*, 445 U.S. 573 (1980), "that police officers do not need a search warrant to enter the home of the subject of an arrest warrant in order to effectuate the arrest." *United States v. Boyd*, 180 F.3d 967, 977 (8th Cir. 1999). An arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within. *Steagald v. United States*, 451 U.S. 204, 221 (1981). In *Steagald,* police entered the defendant's home without a search warrant to arrest a third-party suspect. While there, police seized drugs that were in the defendant's possession. Applying *Steagald,* we held that in the absence of exigent circumstances or consent, a law enforcement officer could not legally search for the subject of an arrest warrant in the home of a third party, without first obtaining a search warrant. *Steagald*, 451 U.S. at 215–16; *see also, United States v. Davis*, 288 F.3d 359, 362 (8th Cir. 2002).

However, *Steagald* does not prevent police entry if the arresting officers executing the arrest warrant at the third person's home have a *reasonable belief* that the suspect resides at the place to be entered and have reason to believe that the suspect is present at the time the warrant is executed. *Boyd*, 180 F.3d at 977 (citing *United States v. Risse*, 83 F.3d 212, 216 (8th Cir. 1996) (citations and internal quotation marks omitted) (emphasis added). "Whether the police officers possessed a reasonable belief that [Bausal] resided [at 2226 Glenwood] is a mixed question of

fact and law." *Risse*, 83 F.3d at 215. We review the factual findings for clear error, while the legal conclusion is reviewed de novo. *United States v. Dixon*, 51 F.3d 1376, 1381 (8th Cir. 1995). The "officers' assessment need not in fact be correct; rather, they need only reasonably believe that the suspect resides at the dwelling to be searched and is currently present at the dwelling." *Risse*, 83 F.3d at 216 (internal quotation marks omitted).

In the present case, Powell argues that the police did not have a reasonable belief either (1) that Bausel resided at 2226 Greenwood, or (2) that Bausel was present at the time of the officers' entry. Specifically, Powell urges this Court to find that Officer Beaupre's team's reliance on the warrant list was unreasonable. We find this argument unpersuasive.

First, Bausel told his pre-trial release evaluator that he was living at 2226 Glenwood and that he had resided there for two years. Second, the officers relied on an address listed in the AFS database system, which is maintained by the drug court probation unit and regularly relied on by officers executing arrest warrants. Julie Pribil testified that the address provided in the AFS database system was the best information the executing officers could have relied on in executing their arrests. Officer Beaupre was accompanied to the 2226 Glenwood address by a drug court probation officer. Beaupre's team had arrested two other suspects using the addresses provided on the warrant list before arriving at the 2226 Glenwood address. Even though the bench warrant provided a different address than the one listed on the warrant list, the officers were not required to compare the warrant list and the bench warrant to discover this fact.[4] Based on these facts, it was reasonable for the officers

---

[4] In *United States v. Clifford*, we held that although the arresting officers did not actually possess the federal warrant during the entry and arrest, one of the officers knew of an outstanding warrant for the defendant's arrest for his failure to appear to serve a sentence, and this awareness excused the officers' need to possess the actual warrant during its execution. 664 F.2d 1090, 1093 n.6.

to rely on the warrant list and not obtain the actual physical arrest warrant before arriving at 2226 Glenwood. We hold that the officers reasonably believed that Bausel resided at 2226 Glenwood when they arrived to execute Bausel's arrest warrant.

Beaupre's team also had a reasonable belief that Bausel was present at the 2226 Glenwood address when they executed the warrant. The warrant list had been accurate for other defendants sought that morning. It was not unreasonable for the officers to believe that Bausel would be at home during the early morning hours. Shortly after 8:00 a.m., the officers arrived at the 2226 Glenwood address. When the officers reached the residence, they were not put on notice that Powell–and not Bausel–resided at 2226 Glenwood. There were no mailbox indicators or markings on the door to indicate that Powell (rather than Bausel) resided at 2226 Glenwood. When the officers reached the door they noticed that the door was ajar, raising the officers' suspicion that someone was at home. Based on this evidence, it was not unreasonable for the officers to believe that Bausel resided and was present at 2226 Glenwood.

Because we find that the officers reasonably believed Bausel was a resident of 2226 Glenwood and reasonably believed that Bausel was present at the time the warrant was executed, we hold that the officers lawfully entered Powell's residence. Thus, the seizure of the drug evidence in plain view was valid.[5] We conclude that the district court did not err in denying Powell's motion to suppress.

For the foregoing reasons, we affirm the district court.

_____

---

[5] Powell conceded at oral argument that if the police reached his address lawfully, the entry–and subsequent seizure of evidence–was valid.