# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1461

_____

Charles Odom,                                    *
                                                 *
            Appellant,                           *
                                                 *    Appeal from the United States
      v.                                         *    District Court for the
                                                 *    District of North Dakota.
Kenan Kaizer,                                    *
                                                 *        [UNPUBLISHED]
            Appellee.                            *

_____

Submitted: April 11, 2011
Filed: May 26, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

North Dakota inmate Charles Odom appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 complaint. Following our de novo review, we conclude that Odom's allegations--that Bismarck Police Detective Kenan Kaizer knowingly gave false information while testifying in support of issuance of an arrest warrant--were sufficient to state a claim that his Fourth Amendment rights were violated. See Reynolds v. Dormire, No. 10-1473, 2011 WL 561982, at *1 (8th Cir. Feb. 18, 2011) (standard of review; in reviewing district court's dismissal for failure to state claim, appellate court accepts as true all factual allegations contained in complaint and affords all reasonable inferences that can be drawn from those allegations); Bagby v. Brondhaver, 98 F.3d 1096, 1098 (8th Cir. 1996) (warrant based

on affidavit containing deliberate falsehood or reckless disregard for truth violates Fourth Amendment; official who causes such deprivation is subject to § 1983 liability).

The claim is not barred under Heck v. Humphrey, 512 U.S. 477 (1994), because Odom's success on the claim would not necessarily imply the invalidity of his convictions or sentences, see id. at 486-87; and Kaizer is not entitled to absolute immunity, see Malley v. Briggs, 475 U.S. 335, 340-44 (1986) (denying absolute immunity to police officers who applied for arrest warrants; complaining witnesses were not shielded by absolute immunity at common law, and police officer applying for arrest warrant was not analogous to prosecutor seeking indictment).

Accordingly, we reverse the district court's judgment and remand for further proceedings consistent with this opinion.

_____