# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2889
_____

Burdette Block

*Plaintiff - Appellant*

v.

Adam Dupic

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: May 13, 2014
Filed: July 15, 2014
_____

Before BYE, MELLOY, and BENTON, Circuit Judges.
_____

MELLOY, Circuit Judge.

Police officers briefly restrained a sleeping man while executing a search warrant during early morning hours. The man, now Plaintiff, sued the officer who submitted an oral affidavit in support of the warrant. Plaintiff claimed that the affidavit violated the Fourth Amendment because the officer intentionally or recklessly omitted material information from it. See Franks v. Delaware, 438 U.S.

154 (1978). The district court[1] disagreed, concluded the officer was entitled to qualified immunity, and granted him summary judgment. Plaintiff appeals those rulings. We affirm.

I.    Background

On March 19, 2009, near midnight, an on-duty patrol officer, Adam Dupic, attempted to stop a pickup truck for a traffic violation. The truck did not immediately pull over when Officer Dupic turned on his lights. Officer Dupic pursued the vehicle until it stopped—only to see the driver flee on foot, leaving a passenger behind. The passenger told Officer Dupic that the (now fleeing) driver was Leonard "Lenny" Block. The officer checked the vehicle's registration, which listed Lenny as the owner and gave his home address.

Officer Dupic then coordinated with other officers to track Lenny down. Among other things, they surveilled his home. Between 2 and 2:30 a.m., an officer watching Lenny's home observed a man and a woman approach and enter. They left after only a few minutes. While exiting, the man turned back and yelled, "See you later, Lenny." Officer Dupic apprehended the man down the street. The man admitted that he had said, "See you later, Lenny." Curiously, though, the man told Officer Dupic that he had done so only to frustrate law enforcement and that, in fact, Lenny was not inside.

Officer Dupic didn't buy the man's story and sought authority to enter the home and detain Lenny, so he called a judge to obtain a search warrant issued upon oral testimony. S.D. Codified Laws § 23A–35–5. In describing to the judge the facts that Officer Dupic believed created probable cause to search the home, he relayed the

---

[1]The Honorable Karen E. Schreier, United States District Court Judge for the District of South Dakota.

above information and specifically mentioned the man who had yelled, "See you later, Lenny." But, Officer Dupic did not tell the judge that the man later disavowed the statement's truth or that the man claimed he'd made the comment only as a ruse to thwart law enforcement objectives. The judge found probable cause existed and issued a warrant to search Lenny's home. Officer Dupic and others executed the warrant around 3:30 a.m. the same morning. While executing the warrant, the officers temporarily restrained Lenny's brother (the plaintiff in this case).

II.     Discussion

This court reviews *de novo* a district court's grant of summary judgment based on qualified immunity. Smith v. City of Minneapolis, No. 13-1157, 2014 WL 2535298, at *2 (8th Cir. June 6, 2014). Qualified immunity protects public officials from damage suits if their challenged conduct did not violate clearly established constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A police officer who applies for a search warrant receives qualified immunity from § 1983 liability so long as "his conduct was objectively reasonable." Morris v. Lanpher, 563 F.3d 399, 402 (8th Cir. 2009). "A warrant based upon an affidavit containing 'deliberate falsehood' or 'reckless disregard for the truth' violates the Fourth Amendment" and subjects the officer who submitted the affidavit to § 1983 liability. Bagby v. Brondhaver, 98 F.3d 1096, 1098 (8th Cir. 1996) (quoting Franks, 438 U.S. at 171)).

In this case, Plaintiff argues that Officer Dupic should not receive qualified immunity because Dupic deliberately or recklessly omitted material information from his warrant application. "Omissions . . . can vitiate a warrant if [the plaintiff] proves 'first that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading, and, second, that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause.'" United States v. Ketzeback, 358 F.3d 987, 990 (8th Cir. 2004) (quoting

-3-

United States v. Allen, 297 F.3d 790, 795 (8th Cir. 2002)). See Franks, 438 U.S. at 155–56. The "material information" Plaintiff alleges Officer Dupic omitted includes the following: (1) the man who said "See you later, Lenny" did so only to frustrate law enforcement; and (2) the man said Lenny was not actually inside the home.

We will assume without deciding that Officer Dupic recklessly disregarded the misleading effect that omitting these facts would have on the judge's probable cause determination. See Ketzeback, 358 F.3d at 990 (reasoning that the district court "implicitly resolved the [intent inquiry] against the government, . . . so we will assume, arguendo, that the district court properly inferred [the officer's] reckless disregard of the misleading effect of the omitted information"); see also Hunter v. Namanny, 219 F.3d 825, 830 (8th Cir. 2000) (noting that recklessness "may be inferred" where the "information would have been clearly critical to the probable cause determination"). Even so, Officer Dupic is entitled to qualified immunity if his affidavit, supplemented by the omitted facts, still supports a probable cause finding. See Morris, 563 F.3d at 403.[2] "Probable cause exists when the warrant affidavit sets forth facts which would lead a prudent person to believe that there is a fair probability [the object of the search] will be found in a particular place." Ketzeback, 358 F.3d

_____

[2]We reject Plaintiff's invitation to expound on dicta contained in Bagby, 98 F.3d at 1099 n.2, where the court reserved the question of whether "a defendant whose affidavit contained a deliberate falsehood should be entitled to qualified immunity if a corrected affidavit would still provide probable cause" and noted that a "more stringent rule may be appropriate when a liar seeks the benefit of this defense." Instead, we'll proceed in the same manner as more recent Eighth Circuit cases. See, e.g., Hunter, 219 F.3d at 829 (noting that even if an affidavit violates the Fourth Amendment, the submitting officer receives qualified immunity if the affidavit as reconstructed still provides probable cause to search); Riehm v. Engelking, 538 F.3d 952, 966–67 (8th Cir. 2008) (same). To the extent plaintiff asks us to remand so a trier of fact may decide whether Officer Dupic deliberately misled the issuing judge, we find no triable question of fact exists, and we refuse to "infer bad motive absent even a scintilla of material fact supporting that inference." Morris, 563 F.3d at 403.

at 991 (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)). The inquiry is a "commonsense, practical" one based on the "totality-of-the-circumstances." Gates, 462 U.S. at 230.

We agree with the district court that the evidence submitted to the judge would have been sufficient to support a probable cause finding even if Officer Dupic's oral affidavit had included the omitted facts. The search warrant listed Lenny as the only person or property to be seized, and Lenny's vehicle registration listed his home address. Thus, the issue is whether there was a fair probability that Lenny would be found at his home. There was. Lenny fled his vehicle around midnight, and Officer Dupic requested a warrant to search for the fleeing misdemeanant at his home around 3 a.m. Officer Dupic could reasonably believe Lenny returned to his residence in the middle of the night after fleeing his vehicle. See United States v. Powell, 379 F.3d 520, 524 (8th Cir. 2004) (noting that "[i]t was not unreasonable for the officers to believe that [a defendant] would be at home during the early morning hours" when the officers chose to execute an arrest warrant). Another officer observed two people enter Lenny's home around 2 a.m., stay for a few minutes, then exit. On the way out, one turned back and yelled, "See you later, Lenny," which created the obvious inference that the suspect was inside. These circumstances, standing alone, supplied a "fair probability" that Lenny would be at home. Ketzeback, 358 F.3d at 991.

Supplying the omitted facts to a hypothetical, reconstructed warrant does not change the conclusion. Here, we agree with and adopt the district court's analysis:

> [The man's] after-the-fact explanation for his statement does nothing in terms of eliminating probable cause. Moreover, it is not unreasonable to think that [the man], once approached by law enforcement, was being dishonest about whether Lenny was in his residence and about his explanation for yelling, "See you later, Lenny." It is likely that [the man] was attempting to prevent the police from

finding his acquaintance, or as [the man] stated, attempting to "frustrate law enforcement." Overall, the court finds that adding Officer Dupic's omission to form a corrected affidavit does not change the ultimate conclusion that probable cause existed to search [Lenny's home].

Adding the man's retractions to the otherwise valid warrant does not render it constitutionally infirm.  We reject Plaintiff's arguments to the contrary.

III.    Conclusion

For the above reasons, we affirm the district court.

_____