# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1977

_____

Charles Odom

*Plaintiff - Appellant*

v.

Kenan Kaizer

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: March 7, 2016
Filed: March 16, 2016
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

In this appeal following remand, see Odom v. Kaizer, 417 Fed. Appx. 611 (8th Cir. 2011) (unpublished per curiam), Charles Odom challenges the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action alleging that Bismarck Police Detective Kenan Kaizer intentionally or recklessly gave false information while testifying in support of issuance of an arrest warrant. We reverse.

We review the district court's grant of summary judgment de novo . See Jones v. Frost, 770 F.3d 1183, 1185 (8th Cir. 2014) cert. denied, 135 S. Ct. 2315 (2015). The district court concluded Odom's guilty plea to the offenses for which he was arrested foreclosed his claim, citing this court's rule that "a guilty plea forecloses a section 1983 claim for arrest without probable cause." Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir. 1996) (per curiam) (citing Malady v. Crunk, 902 F.2d 10, 11 (8th Cir. 1990) (plaintiff's "conviction of the offense for which he was arrested is a complete defense to a § 1983 action asserting that the arrest was made without probable cause")). Williams and Malady are inapposite, however, because as discussed below, Odom's claim is not one for arrest without probable cause.

"A warrant based upon an affidavit containing 'deliberate falsehood' or 'reckless disregard for the truth' violates the Fourth Amendment. An official who causes such a deprivation is subject to § 1983 liability." Bagby v. Brondhaver, 98 F.3d 1096, 1098 (8th Cir. 1996) (quoting Franks v. Delaware, 438 U.S. 154, 171 (1978)). A claim that an affiant recklessly or deliberately provided false testimony in support of an arrest warrant is distinct from a claim that the warrant was not supported by probable cause. See Murray v. Lene, 595 F.3d 868, 872 (8th Cir. 2010) (construing complaint to allege both claim that plaintiff was arrested without probable cause, and "a similar, but distinct, claim that [defendant] violated [plaintiff's] fourth amendment rights by submitting a false and misleading affidavit in support of the warrant for his arrest") (citing Bagby, 98 F.3d at 1097-98). While the existence of probable cause is relevant to a qualified immunity analysis, see Bagby, 98 F.3d at 1099 (qualified immunity is appropriate for defendant accused of submitting recklessly false affidavit "if a corrected affidavit would still provide probable cause to arrest or search"), this analysis speaks only to a defendant's objective reasonableness in submitting the affidavit, see id. at 1098 ("The lynchpin of qualified

immunity is the public official's *objective* reasonableness.").[1]  Because Odom's claim--that Officer Kaizer intentionally or recklessly gave false information while testifying in support of issuance of an arrest warrant--does not depend on a lack of probable cause, the district court erred in concluding that Odom's guilty plea foreclosed his claim.

Accordingly, we reverse the district court's judgment and remand for further proceedings consistent with this opinion.

_____

---

[1]Kaizer raised a qualified-immunity defense in his summary judgment motion, but the district court did not rule on the issue, and the parties have not addressed it on appeal.  On remand, the district court should decide whether Kaizer is entitled to qualified immunity on the record before the court.  We observe that Bagby appeared to leave open the possibility that an officer who gave recklessly false testimony could be entitled to qualified immunity even if his corrected testimony failed to establish probable cause.  See Bagby, 98 F.3d at 1099 (expressing doubts about rule that defendant is never entitled to qualified immunity if corrected affidavit is insufficient, because that rule may in some cases fail to serve qualified-immunity purpose of sparing all but plainly incompetent from liability).