# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1250

_____

Jacob Jerome Taylor,

*Plaintiff - Appellant*

v.

Holladay, Sheriff, Pulaski County Jail

*Defendant*

Felicia Robinson, Shift Deputy Officer, Pulaski County Jail (originally named as F Robinson)

*Defendant - Appellee*

S. Nelson, Lieutenant, Pulaski County Jail; M. Rose, Captain, Pulaski County Jail; A. Allen, Sergeant, Pulaski County Jail; Junior, Deputy, Pulaski County Jail; Bangs, Lieutenant, Pulaski County Jail; S. Wilson, Classification, Pulaski County Jail; M. Williams, Inmate; Thompson, Lieutenant, Pulaski County Jail; Hazel, Former Sergeant, Pulaski County Jail; Charles Lott, Inmate; Comic, Sergeant, Pulaski County Jail; Glenda Moore, Deputy, Pulaski County Jail (originally named as Moore); M. Clark, Sergeant; Tucker, Deputy, Pulaski County Jail; Gilbert, Deputy, Pulaski County Jail; Scott, Deputy, Pulaski County Jail; O'Conner, Deputy, Pulaski County Jail; Pulaski County Regional Detention Facility; Green, Deputy, Pulaski County Jail

*Defendants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 6, 2018
Filed: November 8, 2018
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Jacob Taylor appeals the district court's[1] grant of summary judgment to a Pulaski County Regional Detention Center official on his failure-to-protect claim. *See* 42 U.S.C. § 1983.

No genuine issue of material fact remains. *See Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017) (explaining that a grant of summary judgment is reviewed de novo and that summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law). Taylor's complaint included only an official-capacity claim, which was, in effect, a claim against Pulaski County. Yet Taylor has not presented any evidence that he suffered an injury as a result of a Pulaski County policy or custom. *See Brewington v. Keener*, 902 F.3d 796, 800–01 (8th Cir. 2018) (treating official-capacity claims against a county sheriff and a deputy as claims against the county, which could be found liable under section 1983 only if the execution of a county policy or custom caused the injury). Accordingly, we affirm the district court's judgment under 8th Cir. R. 47B.

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, adopting the recommended disposition of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.