# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2768
_____

Jeremy Bradley Pearson

*Plaintiff - Appellant*

v.

St. Louis City Police Department, 4th District; Arresting Officer Unknown

*Defendant*s

Joseph Morrell, St. Louis City Police Officer

*Defendant - Appellee*

Sam Dotson, Chief of Police, City of St. Louis

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 7, 2021
Filed: October 21, 2021
[Unpublished]

_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jeremy Pearson appeals following the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. We review the grant of summary judgment de novo, viewing the record and drawing all reasonable inferences in the light most favorable to Pearson. See Odom v. Kaizer, 864 F.3d 920, 921 (8th Cir. 2017).

We conclude that the allegations in Pearson's verified complaint created a genuine issue of material fact as to whether Officer Morrell used excessive force in arresting him. See Roberson v. Hayti Police Dep't, 241 F.3d 992, 995-96 (8th Cir. 2001) (verified complaint is equivalent of affidavit for purposes of summary judgment, and complaint signed and dated as true under penalty of perjury satisfies requirements of verified complaint). Although the district court found that Pearson was behaving erratically during the robbery, the only record evidence clearly attesting to the moments leading up to Pearson's injuries were the conflicting accounts in Morrell's affidavit and Pearson's verified complaint. Summary judgment was therefore improper. See Mack v. Dillon, 594 F.3d 620, 623-24 (8th Cir. 2010) (per curiam) (reversing summary judgment for defendant where plaintiff's verified complaint allegations conflicted with shooting officer's attestation that plaintiff was holding gun in his hand when officer shot him).

As to Pearson's challenge to the district court's denial of appointed counsel, while the court did not abuse its discretion in denying without prejudice Pearson's motions for counsel, see Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review; relevant criteria for appointment of counsel in civil case), the court is free on remand to reconsider whether to appoint counsel.

Accordingly, we reverse as to the grant of summary judgment on the excessive-force claim against Morrell, affirm in all other respects, and remand for further proceedings.

_____