# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2390

_____

Ricky Kearse, also known as Ricky
Taylor,

        Appellant,

      v.

James D. Moffett, Jr., Investigator,
Marion County Sheriff's Office; Carl
McBee, Sheriff, Marion County,
Arkansas; Frank DePriest, Chief of
Police, Flippin, Arkansas; Ed House,
Presentence Officer for Marion County,
Arkansas,

        Appellees.

\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.

\* [PUBLISHED]

_____

Submitted: April 17, 2002
Filed: November 22, 2002

_____

Before HANSEN, Chief Judge, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Ricky Kearse, an African American, appeals the district court's orders dismissing and granting adverse summary judgment on his 42 U.S.C. § 1983 claims that defendants violated his federal constitutional rights by repeatedly detaining, searching, and arresting him on a variety of false charges in predominantly white

Marion County, and that they conspired to do so.  We affirm in part and reverse and remand in part.

Kearse alleged that in August 1997, Flippin (Arkansas) Police Chief Frank DePriest requested a warrant for his arrest on charges of falsely registering a vehicle. The district court granted summary judgment to DePriest.  After de novo review, we agree with the district court that Kearse had not shown DePriest procured the warrant, and conclude summary judgment was proper.

Kearse also alleged that, on the basis of a false affidavit sworn by Marion County Investigator James D. Moffett, Jr., he was arrested in February 1997 for being a felon in possession of a firearm; that Marion County Sheriff Carl McBee was personally involved in the arrest; and that Marion County Presentence Officer Carl House contributed to the arrest by knowingly submitting a false criminal history worksheet on Kearse.  The district court dismissed House, concluding that, as a state employee, House was protected by the state's sovereign immunity, and that, at any rate, House had submitted the worksheet after Kearse was charged, so that it played no part in the probable-cause determination.  The court granted summary judgment to Moffett and McBee, concluding that McBee could not be vicariously liable for Moffett's acts; that McBee's alleged lowering of Kearse's bail was not material to Kearse's claims; and that Moffett was entitled to qualified immunity because he had arguable probable cause to believe Kearse was a felon, based on information Moffett obtained from California authorities that Kearse had a felony arrest in that state.

After de novo review, see Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (per curiam) (dismissals); Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999) (summary judgment); Winters v. Adams, 254 F.3d 758, 766 (8th Cir. 2001) (determinations of qualified immunity), we conclude that the district court properly dismissed House and granted summary judgment to McBee for the reasons given in the court's opinion. We additionally find that Kearse did not allege sufficient specific

facts indicating a meeting of the minds to support a conspiracy claim. See Rouse, 193 F.3d at 943.

We do not agree with the district court, however, that Moffett showed he reasonably believed probable cause existed for Kearse's arrest warrant to issue and, thus, that he was entitled to qualified immunity. The record shows that at the time he prepared his affidavit, Moffett had learned from California authorities that Kearse had been arrested in that state, but had no information regarding whether Kearse had been convicted. Moffett is responsible for knowing the difference between arrest and conviction. See Malley v. Briggs, 475 U.S. 335, 345 (1986) (officer applying for warrant must exercise reasonable professional judgment, and is not shielded by magistrate's approval of warrant; rejecting argument that applying for warrant is per se objectively reasonable if officer believes all facts recited in affidavit are true); Burk v. Beene, 948 F.2d 489, 494-95 (8th Cir. 1991) (officer who was aware affidavit was untruthful "should have known [it] would violate the accused's constitutional rights").

Accordingly, we affirm the district court's dismissal of Frank DePriest and Ed House, and the grant of summary judgment to Carl McBee, but we reverse the court's grant of summary judgment to James D. Moffett, Jr., and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.