# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  04-1444

_____

Michael J. Flynn, Jr.,

      Appellant,

      v.

Detective Michael Brown; City of
Davenport, Iowa; Detective Brett
Morgan; John Does 1 through 10,

      Appellees.

\* Appeal from the United States
\* District Court for the Southern
\* District of Iowa.

_____

Submitted:  October 21, 2004
Filed:  January 19, 2005

_____

Before MORRIS SHEPPARD ARNOLD, JOHN R. GIBSON, and SMITH, Circuit
Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Michael Flynn appeals from the adverse grant of summary judgment entered
by the district court[1] in his action against the City of Davenport, Iowa, and two of its
police officers.  Mr. Flynn claimed under 42 U.S.C. § 1983 that the officers arrested

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court
for the Southern District of Iowa.

him without probable cause, in violation of the fourth amendment, and denied him a fair trial by withholding an exculpatory videotape from him, in violation of the fourteenth amendment. In addition, Mr. Flynn brought a state-law claim for intentional infliction of emotional distress against both of the officers and the City of Davenport and a state-law claim for false arrest against one of the officers, Detective Micheal Brown, and the City. (Although Mr. Flynn also made all of these claims against ten unnamed defendants, he states in his brief that he is not appealing the judgment in favor of those defendants.) We affirm.

I.

After cigarettes were stolen from Flynn Beverage Company's warehouse, Detective Brown was assigned to lead the investigation and concluded that Mr. Flynn, a vice-president of the company, had overstated the amount of the loss from the theft to Flynn Beverage's insurer and to the police. Detective Brown therefore arrested Mr. Flynn for theft and making false reports to law enforcement officers, and Mr. Flynn was later formally charged with these crimes, as well as insurance fraud. Sergeant Brett Morgan supervised Detective Brown and participated in the investigation but did not make the decision to arrest Mr. Flynn.

Some months after Mr. Flynn's arrest, Detective Brown discovered a videotape, taken from a surveillance camera, that captured part of Flynn Beverage's cigarette room during the time period in which the theft reportedly occurred. Detective Brown found the videotape while cleaning out his desk during his last day as a detective for the police department. Before Mr. Flynn's arrest, the videotape had been left on Detective Brown's desk in a brown sack, which the detective placed in his desk without opening. After Detective Brown found the videotape, he watched it in fast-forward mode and took it to the department's property section, where evidence was kept and entered into the computer system. There, a clerk mislabeled the video as a "twenty-two page report," causing it to go unnoticed until after Mr. Flynn's acquittal, when Mr. Flynn retrieved all of the evidence relating to his case.

The videotape casts doubt on the credibility of Linda Kline, whose statements Detective Brown relied upon during his investigation and whose testimony the prosecution used at Mr. Flynn's criminal trial. The video shows Ms. Kline's daughter, who also worked for Flynn Beverage, handing cigarettes to unknown individuals. Further, the video reveals that Ms. Kline arrived at Flynn Beverage on the day of the theft earlier than she told the police that she had arrived, and that when she arrived she told a co-worker about the theft before she entered the warehouse where (according to her statement to the police) she discovered that cigarettes were missing. The tape also shows that, once Ms. Kline was in the warehouse's cigarette room, she rearranged some of the cigarettes in a suspicious manner.

## II.

The district court concluded that Mr. Flynn's fourth amendment claim against Detective Brown and Sergeant Morgan, as well as his two state-law claims, failed because the officers had probable cause to arrest him. *Cf. Baker v. McCollan*, 443 U.S. 137, 142 (1979); *Dickerson v. Mertz*, 547 N.W.2d 208, 213-15 (Iowa 1996); *Children v. Burton*, 331 N.W.2d 673, 678-81 (Iowa 1983). On appeal, Mr. Flynn contends that the district court erred in entering summary judgment on these claims because probable cause was lacking.

Probable cause exists if "the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed ... an offense." *Hannah v. City of Overland*, 795 F.2d 1385, 1389 (8th Cir. 1986) (internal quotations omitted). Assessing the facts as a whole at the time of Mr. Flynn's arrest, *see id.*, and keeping in mind that "determin[ing] if probable cause exists is not an exact science," *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1265 (8th Cir. 1996), *cert. denied*, 519 U.S. 867 (1996), we hold that a prudent person would have been justified in believing that Mr. Flynn had committed an offense. Detective Brown's failure to open the bag containing the surveillance videotape until his last day on the job, when he gave it only slight attention by watching it in fast-

forward mode, does call his competency into question. But the other discoveries of Detective Brown and Sergeant Morgan resulting from their thorough investigation prior to the arrest (*e.g.*, they interviewed multiple witnesses and obtained documents of Flynn Beverage's purchases and inventory) convince us that there was probable cause to arrest Mr. Flynn.

Further, even if Detective Brown or Sergeant Morgan had been familiar with what the videotape showed before Detective Brown arrested Mr. Flynn, there still would have been probable cause. The videotape, which captures the period during which the theft reportedly occurred, sheds no light on whether Mr. Flynn fraudulently inflated the loss from the theft of cigarettes in order to receive a higher insurance recovery, the alleged conduct that was the basis for his arrest. Although the video calls Ms. Kline's credibility into question, it does not undermine statements from other witnesses to the police that inculpated Mr. Flynn or eliminate the discrepancies between Flynn Beverage's receipts and its inventory that raised suspicions about the amount of the claimed loss. The defendants were therefore entitled to summary judgment on Mr. Flynn's fourth amendment and state-law claims.

III.

Mr. Flynn's other constitutional claim is that Sergeant Morgan's failure to locate the surveillance videotape and Detective Brown's withholding of the video denied Mr. Flynn his due process right to a fair trial. One of our recent cases, however, makes clear that Mr. Flynn must show bad faith to succeed under § 1983 on a due process claim "that law enforcement officers preserved evidence favorable to the defense but failed to disclose it." *Villasana v. Wilhoit*, 368 F.3d 976, 980 (8th Cir. 2004). In Mr. Flynn's brief, he concedes that he "has no evidence of bad faith or malice on the part of Det. Brown or Sgt. Morgan." Mr. Flynn's fourteenth amendment claim must therefore fail.

## IV.

Accordingly, we affirm the judgment of the district court.

_____