# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3147/10-1051

_____

Rod Marshall, Trustee of Contractors    *
Laborers, Teamsters and Engineers    *
Health & Welfare Plan and Contractors    *
Laborers, Teamsters and Engineers    *
Pension Plan; David Hayes, Trustee    *
of Contractors Laborers, Teamsters    *
and Engineers Health & Welfare Plan    *
and Contractors Laborers, Teamsters    *
and Engineers Pension Plan;    *
Ron Fucinaro,  Trustee of Contractors    *
Laborers, Teamsters and Engineers    *   Appeal from the United States
Health & Welfare Plan and Contractors    *   District Court for the
Laborers, Teamsters and Engineers    *   District of Nebraska
Pension Plan; Robert Hayworth,    *
Trustee of Contractors Laborers,    *
Teamsters and Engineers Health &    *
Welfare Plan and Contractors Laborers,    *
Teamsters and Engineers Pension Plan;    *
Timothy McCormick,  Trustee of    *
Contractors Laborers, Teamsters and    *
Engineers Health & Welfare Plan and    *
Contractors Laborers, Teamsters and    *
Engineers Pension Plan; Laborers'    *
International Union of North America,    *
LOCAL 1140; Kim Quick, Trustee of    *
Contractors Laborers, Teamsters and    *
Engineers Health & Welfare Plan and    *
Contractors Laborers, Teamsters and    *
Engineers Pension Plan;    *
   *
      Plaintiffs-Appellees,    *

v.                                          *
                                            *
Theresa Baggett, doing business as         *
Baggett Masonry, Inc.,                      *
                                            *
                                            *
    Defendant-Appellant.                    *
                        _____

                Submitted: June 16, 2010
                   Filed:  August 17, 2010
                        _____

Before RILEY, Chief Judge, CLEVENGER[1] and COLLOTON, Circuit Judges.
                        _____

CLEVENGER, Circuit Judge.

    Ms. Theresa Baggett appeals from a default judgment issued in favor of the Trustees of the Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Pension Plan ("the Plans") and the Laborers' International Union of North America, Local 1140 ("the Union") (collectively "the plaintiffs"). Ms. Baggett argues that the district court erred in granting the default judgment because the complaint does not support a judgment against her in her individual capacity. We agree.

                                    I

    Ms. Baggett signed a Masonry Construction Agreement ("the Agreement") on December 29, 2003 that purported to be between Baggett Masonry, Inc., a Nebraska corporation, and the Union. The Agreement required Baggett Masonry, Inc. to make

---

    [1] The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Court of Appeals for the Federal Circuit, sitting by designation.

contributions to the Plans based on the number of hours worked by its employees. Ms. Baggett signed the Agreement as follows:

> Baggett Masonry, Inc. (handwritten)
> COMPANY NAME
> Theresa Baggett (signature)
> BY
> President (handwritten)
> TITLE

Baggett Masonry, Inc. made the requisite contributions to the Plans until September 30, 2007, when Ms. Baggett claims the Agreement was terminated. The plaintiffs dispute Ms. Baggett's claim that the terms of the Agreement were met and instead argue that Baggett Masonry, Inc. owes the Plans additional money for subsequent periods.

On April 14, 2008, the plaintiffs filed suit under 29 U.S.C. § 185(a) of the Labor Management Relations Act and 29 U.S.C. § 1132 of the Employee Retirement Income Security Act of 1974 ("ERISA"). The complaint was filed against Ms. Baggett, styled as "Theresa Baggett d/b/a Baggett Masonry, Inc.," and sought to recover the allegedly delinquent contributions as well as liquidated damages and attorney fees. The plaintiffs allege in the complaint that Ms. Baggett "is an individual and operates a construction company doing business in the State of Nebraska." The Agreement, listing Baggett Masonry, Inc. as the party to the contract, was attached to the complaint as an exhibit and became "a part of the pleading for all purposes." See Fed. R. Civ. P. 10(c). However, the plaintiffs did not join Baggett Masonry, Inc. as a defendant. Instead, the plaintiffs only sued Ms. Baggett in her individual capacity.

After Ms. Baggett failed to respond to the complaint, the plaintiffs filed a motion for entry of default on June 30, 2008. The clerk of the court entered the default on July 1, 2008. On July 25, 2008, in response to another motion of the plaintiffs, the district court entered a default judgment against Ms. Baggett and ordered her to submit to an audit. Ms. Baggett appeared in court on December 12, 2008 and provided the documents requested for the audit.

The district court entered a final default judgment in favor of the plaintiffs on July 10, 2009 and awarded attorney's fees to the plaintiffs on August 3, 2009. In total, the district court entered judgment in the amount of $10,515.38 for contributions owed to the pension plan, $18,788.00 for contributions owed to the health and welfare plan, $8,233.75 for liquidated damages and interest, and $5,559.02 for attorney's fees. On August 7, 2009, Ms. Baggett filed a motion to set aside the July 10, 2009 default judgment and the August 3, 2009 attorney's fees order. The district court denied the motion on December 14, 2009 and Ms. Baggett filed the present appeal.

II

Entry of default judgment does not preclude a party from challenging the sufficiency of the complaint on appeal. See Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.") (emphasis in original). We thus properly have before us the question of whether the unchallenged facts in the plaintiffs' complaint constitute a legitimate cause of action against Ms. Baggett in her individual capacity.

In Murray v. Lene, we recently reaffirmed an age-old doctrine regarding default judgments and the requisite legal analysis to support such judgments. 595 F.3d 868, 871 (8th Cir. 2010). It is nearly axiomatic that when a default judgment is entered,

facts alleged in the complaint may not be later contested. See Thomson v. Wooster, 114 U.S. 104 (1885); see also Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). However, as we stated in Murray v. Lene, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 595 F.3d at 871 (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)); see also Ohio Cent. R. Co. v. Central Trust Co., 133 U.S. 83, 91 (1890) ("[A]lthough the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree."); Nishimatsu Constr. Co., Ltd., 515 F.2d at 1206 ("[A] default judgment may be lawfully entered only 'according to what is proper to be decreed upon the statements of the bill, assumed to be true,' and not 'as of course according to the prayer of the bill.'") (quoting Thomson, 114 U.S. at 113).

Ms. Baggett does not contest the factual allegations of the complaint, but argues that the district court erred in its legal analysis by finding the complaint sufficient to support a judgment against her in her individual capacity. We note that it is of course appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner. See, e.g., Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997). Even so, it is incumbent upon the district court to ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment. See Murray, 595 F.3d at 871. We review the legal sufficiency of the complaint de novo.

## III

Ms. Baggett points to a strikingly similar case in which a default judgment finding an individual liable for actions taken as a corporate agent was upset on appeal because the complaint failed to allege a rationale to support individual liability. See Nishimatsu Constr. Co., Ltd., 515 F.2d at 1206-07. In that case, a default judgment was entered against Jack D. Baize, who had entered into contracts with a Houston bank as a representative of a foreign corporation. Id. at 1203. When relations between the bank and its corporate customer soured, the bank filed a third party complaint against Baize in his personal capacity, based on the contracts he signed as a representative of the corporation. Id. After Baize failed to respond to the complaint, the court entered a default judgment. Id. at 1204.

On appeal, Baize argued that he could not be personally liable on the contract because he signed as a corporate agent. Id. at 1205. Notwithstanding his default, the Fifth Circuit agreed that a default judgment against Baize should not have been entered. Id. As here, Baize signed the contract in the corporation's name followed by "BY: Jack D. Baize." See id. at 1205. The court found that this signature form "unambiguously supported" the presumption that Baize intended to sign on behalf of the corporation and indicated that "the principal alone and not the agent is a party to the contract." Id. at 1207. The court concluded that because the contract was attached to the complaint filed with the district court, "not only do the pleadings fail to support the judgment rendered against Baize but [] they disclose on their face a fact that would defeat the appellee's claim." Id. at 1206.

Nebraska law, like Texas law, has well-established principles that protect a corporate officer from personal liability for contracts signed on behalf of a corporation. See Hecker v. Ravenna Bank 468 N.W.2d 88, 94 (Neb. 1991) ("As a general rule, concerning liability on a corporate contract, a corporation's directors or officers are in the same position as agents of private individuals and are not personally liable on a corporation's contract unless the corporate directors or officers purport to

bind themselves, or have otherwise bound themselves, to performance of the contract"); Savorelli v. Stone, 96 N.W.2d 222, 227 (Neb. 1959) ("'Where one acting as the agent of a corporation makes a contract on its behalf, which is binding upon it, [his] acts in that behalf create no individual or personal liability against him.'") (quoting Fremont Carriage Mfg. Co. v. Thomsen, 91 N.W. 376 (Neb. 1902)). Further, the law of this circuit is clear that, absent piercing the corporate veil, officers of a corporation cannot be held liable for ERISA obligations undertaken by the corporation. See Minn. Laborers Health & Welfare Fund v. Scanlan, 360 F.3d 925, 928 (8th Cir. 2004); Pipe Fitters Health & Welfare Trust v. Waldo, R., Inc., 969 F.2d 718, 720-21 (8th Cir. 1992); Rockney v. Blohorn, 877 F.2d 637, 642-43 (8th Cir. 1989).

We conclude that for the plaintiffs to prevail against actions taken by Ms. Baggett in her role as a corporate officer, we must find a theory in the complaint to support imposing personal liability. Yet, we find nothing in the complaint to support an assertion that Baggett Masonry, Inc. was a sham corporation or an indistinct identity of Ms. Baggett. There are also no allegations of fraud or other illegal machinations. The Agreement is clear on its face that Ms. Baggett executed the contract in her official capacity as president of Baggett Masonry, Inc. Accordingly, she cannot be held individually liable for the allegedly delinquent payments of the corporation.

## IV

The plaintiffs' only line of defense against Ms. Baggett's challenge is the apparent fact that Baggett Masonry, Inc. was dissolved on August 16, 2002 for non-payment of occupation taxes. The Nebraska Secretary of State automatically dissolves corporate entities which fail to make timely payments. See Neb. Rev. Stat. § 21-323. The plaintiffs argue that because Baggett Masonry, Inc. was not a corporation in good

standing at the time Ms. Baggett signed the Agreement, Ms. Baggett's signature on the Agreement must be as an individual doing business as Baggett Masonry, Inc. rather then as president of a corporation. According to the plaintiffs, Ms. Baggett's signature would thus bind her in her individual capacity and obviate the plaintiffs' need to plead facts sufficient to allege a corporate veil piercing or alter ego theory.

Ms. Baggett responds that she is protected under Nebraska law by the reinstatement provisions of Nebraska Revised Statute § 21-323.01 which provides that "[w]hen the reinstatement is effective, it shall relate back to and take effect as of the effective date of the administrative dissolution and the corporation shall resume carrying on its business as if the administrative dissolution had never occurred." Baggett Masonry, Inc. was formally reinstated as a corporation by the State of Nebraska in September 2009. Because the reinstatement relates back to the effective date of dissolution, Ms. Baggett argues that she is shielded from individual liability for corporate actions taken during the period of dissolution. Although § 21-323.01 provides retroactive effect after reinstatement, the statute does not state whether the relation back provision re-establishes in full the protective corporate shield.

Neither Ms. Baggett nor the plaintiffs point to any Nebraska case law to guide us on this unresolved point of law. We are also unable to find any statement from the Nebraska Supreme Court on the question of whether the "relate back" language provides for a corporation to adopt the actions of its officers that occurred while the corporation was administratively dissolved.[2] However, because the plaintiffs made

---

[2] We note, however, that Iowa and Missouri have similar phrasing in their reinstatement statutes. See Iowa Code § 490.1422(3) ("When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution as if the administrative dissolution had never occurred."); Mo. Rev. Stat. § 351.488.3 ("When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred."). The courts in those states have found that the "relates back"

no assertions in the complaint regarding an alleged deficiency in Baggett Masonry Inc.'s corporate status, we do not consider the effect of Nebraska's reinstatement statute.

The plaintiffs' use of the "d/b/a" styling in the caption of the complaint and the allegation that Ms. Baggett "is an individual and operates a construction company doing business in the State of Nebraska" do not equate to an allegation that Baggett Masonry, Inc. had been administratively dissolved. Because the Agreement attached to the complaint demonstrates that Ms. Baggett signed in an official capacity on behalf of the corporation, the plaintiffs need to counter that fact with a factual assertion as to why Ms. Baggett instead bound herself as an individual. The plaintiffs did not do so and the complaint thus fails as a matter of law. The district court should have dismissed the complaint against Ms. Baggett. See Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010).

---

language provides liability coverage for actions taken by corporate officers while the corporation was dissolved. See K & K Leasing, Inc. v. Tech Logistics Corp., 759 N.W.2d 812 (Iowa Ct. App. 2008) ("current statute provides continuing protection for officers and directors of corporations that have been administratively dissolved"); OHM Props., LLC v. Centrec Care, Inc., 302 S.W.3d 170, 175 (Mo. Ct. App. 2009) ("actions occurring between the dissolution or 'forfeiture' and the date of 'rescission' or reinstatement relate back to the date of dissolution and are held as valid acts of the original [] corporation"). In other states with reinstatement provisions, however, the courts have refused to give effect to the corporate shield during the time the corporation was administratively dissolved. See, e.g., Moore v. Occupational Safety & Health Review Comm'n, 591 F.2d 991, 995-96 (4th Cir. 1979) (interpreting Virginia law); see also Nigro v. Dwyer, 438 F.Supp. 2d 229, 233-38 (S.D.N.Y. 2006) (discussing differing interpretations of New York law).

## V

Ms. Baggett also appeals the denial of her motion to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b). Because the default judgment should not have been granted in the first instance, we need not reach this issue. We vacate the default judgment entered against Ms. Baggett and remand the case to the district court for further proceedings as may be appropriate.

_____