# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2780

_____

Donald H. Brancato,                              *
                                                 *
               Appellant,                        *
                                                 *   Appeal from the United States
       v.                                        *   District Court for the
                                                 *   Eastern District of Missouri.
David M. Heimos; Ronald J. Fischer,              *
                                                 *        [UNPUBLISHED]
               Appellees.                        *

_____

Submitted: April 26, 2012
Filed:  May 3, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Dr. Donald Brancato appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 complaint.  Upon de novo review, see Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007), we conclude Brancato did not sufficiently allege that the private-actor defendants reached a meeting of the minds with any state actor, and therefore he failed to state a conspiracy claim under section 1983.  See Wagner v. Jones, 664 F.3d 259, 268 (8th Cir. 2011) (§ 1983 claim requires showing that person acting under color of state law caused constitutional deprivation); Murray v. Lene, 595 F.3d 868,

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

870 (8th Cir. 2010) (to allege state action in § 1983 conspiracy claim against private actors, complaint must allege specific facts showing--either directly or indirectly--a meeting of the minds between state actor and private actors); DuBose v. Kelly, 187 F.3d 999, 1003 (8th Cir. 1999) (conduct of counsel generally does not constitute action under color of law; finding attorney's ex parte communication with judge insufficient for conspiracy claim unless judge promised to secure outcome).

We also conclude that the district court did not err by dismissing the complaint instead of allowing Brancato to amend it again. See Gilmore v. Novastar Fin., Inc. (In re 2007 Novastar Fin. Inc., Sec. Litig.), 579 F.3d 878, 884-85 (8th Cir. 2009) (to preserve right to amend complaint, plaintiff must move to amend and submit amendments; bare request to amend as alternative to dismissal, made at end of plaintiff's response to dismissal motion, is not sufficient method of moving to amend). Finally, we deny as moot appellee Heimos's motion for leave to file a supplemental appendix.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____