PS2-118                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4092
_____

HUAFENG XU,
                              Appellant

v.

WILLIAM T. WALSH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-05626)
District Judge: Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2015

Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: May 27, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Huafeng Xu, pro se, appeals from the District Court's orders denying his motions

for default judgment and dismissing his complaint for failure to state a claim.  For the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

following reasons, we will affirm the judgment of the District Court.

Xu alleged that Appellee William T. Walsh, Clerk of Court for the United States District Court for the District of New Jersey, violated his civil rights through his actions in two other federal cases brought by Xu. See Xu v. Naqvi, No. 12-cv-7844 (D.N.J.); Xu v. Keneally, No. 13-cv-4026 (D.N.J.). Specifically, Xu alleged that Walsh obstructed justice by: permitting certain U.S. Department of Justice attorneys, later named as defendants in Keneally, to legally represent the Internal Revenue Service officials sued in Naqvi and to access the court's electronic filing ("e-filing") system; permitting and contributing to those defendants' and court officials' violation of local and federal rules of procedure, especially concerning improper electronic signatures on e-filed documents; ignoring several complaints, requests, and demands for judicial reassignment by Xu; failing to investigate whether the Naqvi and/or Keneally defendants sent the FBI to "threaten the pr[o] se plaintiff"; and helping and encouraging those defendants and some judges to make "false statements" and "lie." In his complaint, Xu requested an investigation into and criminal prosecution of Walsh and $4,000,000 in damages.

On December 2, 2013, the District Court denied two of Xu's motions for a default judgment against Walsh. On September 5, 2014, the District Court dismissed Xu's complaint sua sponte for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), see Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980), while denying as moot Xu's various pending motions. Xu timely appealed.

2

We have jurisdiction under 28 U.S.C. § 1291. Our review of the order dismissing Xu's complaint is de novo. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). To pass muster under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[C]onclusory" legal allegations and "naked assertion[s]" lacking factual development are insufficient. See Twombly, 550 U.S. at 557.

Xu's claims that Walsh facilitated fraudulent court behavior were naked assertions lacking any factual detail suggesting the existence of a plausible claim. See id.; Phillips, 515 F.3d at 234. Moreover, many of the rule violations Xu alleged are not in fact violations. District of New Jersey Local Rules permit (1) attorneys admitted in that District, including those representing the United States, to participate in e-filing and (2) e-filed documents to be electronically signed with "s/" signature lines. See D.N.J. Civ. R. 5.2(4), (12)(a). Further, Department of Justice attorneys such as the Keneally defendants properly represent United States agencies and officers when sued. See 28 U.S.C. § 516.

To the extent that Xu took issue with Walsh's exercise of discretionary judgment in his duties as court clerk, such as in ignoring or denying ungrounded or extra-jurisdictional requests, Walsh enjoys absolute immunity from liability. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993); Snyder v. Nolen, 380 F.3d 279, 286-87 (7th Cir. 2004) (citations omitted). Further, Xu's complaint gave Walsh no notice of what possible legal ground for relief Xu could assert based on allegedly improper e-

3

filing.  See Phillips, 515 F.3d at 232.  If, as his brief reference to "civil rights" suggested, Xu sought to bring a Bivens claim, we cannot reasonably infer which of Xu's constitutional rights Walsh's conduct purportedly invaded.  See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 396–97 (1971).  Under these circumstances, the District Court did not abuse its discretion in denying leave to amend on the grounds of futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Citing Walsh's failure to file an answer, Xu also challenges the District Court's refusal to grant him a default judgment.  However, Xu did not first request and obtain entry of default against Walsh.  See Fed. R. Civ. P. 55(a), (b); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (3d ed. 2015).  Moreover, a default judgment was not warranted: Walsh appeared to have a litigable defense, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), because Xu's complaint plainly failed to state a viable claim.  See, e.g., Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010); DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007).  The District Court therefore did not abuse its discretion in denying Xu's request for a default judgment.  See Chamberlain, 210 F.3d at 164.  In light of its dismissal of Xu's complaint, the District Court also did not err in denying Xu's remaining pending motions in its September 5, 2014 order.

4

For the foregoing reasons, we will affirm the District Court's orders denying default judgment and dismissing Xu's complaint. Xu's request to initiate criminal proceedings against the Clerk of this Court is denied.