# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1727

_____

Wendell Matthews

*Plaintiff - Appellant*

v.

Inv. Monte McNeil, in his official and individual capacities; City of North Platte;
John Doe, in his official and individual capacities

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 17, 2020
Filed: September 14, 2020
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Wendell Matthews was arrested, detained, and charged with sexually abusing
his ex-girlfriend's daughter. After the charges were dismissed, he brought this
lawsuit, claiming that his constitutional rights had been violated. *See* 42 U.S.C.

§§ 1983, 1985. The district court[1] disagreed and granted summary judgment to the defendants. We affirm.

## I.

For several years, Matthews lived with his then-girlfriend and her daughter, Jane Doe. He left at the end of 2011, when Jane was eight, which was the last time he had contact with her. Two years later, she reported that Matthews had sexually abused her.

Not long after, Investigator Monte McNeil of the North Platte Police Department scheduled a forensic interview and a medical examination for Jane. Once they were complete, he arrested Matthews and sent an "affidavit of probable cause" to the local prosecutor, who filed criminal charges. Shortly before trial, however, the charges were dismissed.

Believing that he had been wrongfully arrested, detained, and charged, Matthews sued McNeil, McNeil's supervisor, and the City of North Platte. *See* 42 U.S.C. §§ 1983, 1985. The district court granted summary judgment after concluding that no constitutional violation had occurred.

## II.

We review the district court's decision de novo. *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019). "Summary judgment [was] appropriate [if] the evidence, viewed in [the] light most favorable to [Matthews], show[ed] no genuine issue of material fact exist[ed] and the [defendants were] entitled to judgment as a matter of law." *Spangler v. Fed. Home Loan Bank of Des Moines*, 278 F.3d 847, 850 (8th Cir. 2002).

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

For Matthews, it all comes down to whether McNeil was entitled to qualified immunity,[2] which depends on the answer to two questions. First, did he violate a constitutional right? *See Morgan*, 920 F.3d at 523. Second, was the right clearly established? *See id.* If the answer to either question is "no," we will affirm. *See id.*

A.

We begin with the arrest, which Matthews claims was unsupported by probable cause. In the qualified-immunity context, however, we require only *arguable* probable cause, not *actual* probable cause. *See Borgman v. Kedley*, 646 F.3d 518, 522–23 (8th Cir. 2011). "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is objectively reasonable." *Id.* at 523 (quotation marks omitted).

On this record, we conclude that arguable probable cause existed, even if, as Matthews argues, McNeil may have made some missteps along the way.[3] At the time, McNeil knew: Jane was displaying behaviors consistent with having been sexually abused; she gave a detailed account of the abuse during the forensic interview; and her account was corroborated by some of the medical evidence and other information he had collected. Even assuming that these facts were not enough

---

[2]Only the claims against McNeil are before us on appeal. *See Griffith v. City of Des Moines*, 387 F.3d 733, 739 (8th Cir. 2004) (explaining that the failure to brief "other claims" results in their "abandon[ment]").

[3]In addition to a Fourth Amendment claim, Matthews also pleaded a substantive-due-process claim that is really just a carbon copy of the Fourth Amendment claim. The Supreme Court has been clear, however, that when a more specific constitutional provision like the Fourth Amendment applies, the substantive-due-process claim falls away. *See Johnson v. McCarver*, 942 F.3d 405, 410–11 (8th Cir. 2019) (explaining that "[a]ny" pretrial deprivation of liberty "is governed by the Fourth Amendment," not the Due Process Clause (citing *Manuel v. City of Joliet*, 137 S. Ct. 911, 917 (2017))).

to establish probable cause, any mistake in arresting Matthews was "objectively reasonable." *Id.* (quotation marks omitted); *see also Clay v. Conlee*, 815 F.2d 1164, 1168 (8th Cir. 1978) ("[O]fficers are entitled to rely on information supplied by the victim of a crime, absent some indication that the information is not reasonably trustworthy or reliable.").

B.

We now turn to the decision to charge Matthews. It rested, in large part, on McNeil's "affidavit of probable cause," which Matthews believes was misleading in two ways. *See Murray v. Lene*, 595 F.3d 868, 872 (8th Cir. 2010) (explaining that officers violate the Fourth Amendment by submitting a probable-cause statement containing a "deliberate falsehood" or by acting with a "reckless disregard for the truth" in preparing it (quotation marks omitted)). First, it contained an allegedly false statement about the nature of Jane's injuries. Second, it omitted information from a prior medical exam, Jane's mental-health history, and some statements she had made.

In its order, the district court explained in detail that the false statement and omissions were "not necessarily exculpatory" and that there was no evidence that McNeil acted with an intent to deceive anyone. *See Schaffer v. Beringer*, 842 F.3d 585, 593 (8th Cir. 2016) ("[A] showing of deliberate or reckless falsehood is not lightly met . . . ." (quotation marks omitted)). We agree with the district court that there was no constitutional violation, but even if we were to assume that some of the evidence *was* in fact exculpatory, Matthews still would not prevail, because a reasonable officer would not necessarily have understood that the omitted evidence would have "called probable cause into serious doubt." *Hawkins v. Gage Cnty.*, 759 F.3d 951, 959 (8th Cir. 2014); *see also Schaffer*, 842 F.3d at 594 ("[A] law enforcement official is not required to include everything he knows about a subject in his affidavit, whether it is material to a finding of probable cause or not." (quotation marks omitted)).

We accordingly affirm the judgment of the district court.

_____