# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2089
_____

Derrick D. Fields

*Plaintiff - Appellant*

v.

Correctional Officer Darnequious Evans, MCDC, also known as Correctional
Officer Evans; Correctional Officer Kameron Dockery, also known as
Correctional Officer Dockery; Nurse Steven King; Nurse Lisa Davidson; Nurse
Chelsey Foster; Allan Hickerson, MCDC

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana
_____

Submitted: December 11, 2023
Filed: December 14, 2023
[Unpublished]
_____

Before GRUENDER, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Derrick Fields appeals the district court's[1] adverse grant of summary judgment in his *pro se* 42 U.S.C. § 1983 action. Reviewing *de novo*, we affirm. *See Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023) (standard of review).

The correctional officer defendants are entitled to qualified immunity unless they exhibited "deliberate or callous indifference to [Fields's] safety." *See Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (internal quotation marks omitted). Summary judgment was appropriate on this count because Fields failed to raise a genuine dispute of material fact that the correctional officer defendants knew of and were deliberately indifferent to any danger posed to Fields. *See Holden v. Hirner*, 663 F.3d 336, 340-42 (8th Cir. 2011); *see also Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002) ("We have held in several cases that qualified immunity for prison officials is appropriate when . . . [a] failure-to-protect claim arises from inmate injuries resulting from a surprise attack by another inmate.").

The nurse defendants are entitled to summary judgment unless Fields can raise a genuine dispute of material fact that "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." *Hall*, 77 F.4th at 1178. "[A] detainee's mere disagreement with a medical professional's treatment decisions, alone, is insufficient." *Id.* at 1179. The nurse defendants evaluated Fields, responded to his requests, and provided him with medication. Although Fields may disagree with their treatment decisions, he has not raised a genuine dispute of material fact that he had an objectively serious medical need or that, even assuming *arguendo* he had such a need, it was deliberately disregarded.

---

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

As Fields did not establish that any individual defendant committed a constitutional violation, we agree that summary judgment was proper on the official-capacity claims against all defendants. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

We deny Fields's pending motion and affirm. *See* 8th Cir. R. 47B.

_____