**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1138
_____


WILLIAM EDGAR LEWIS, JR., a/k/a Lewdo;
MONIQUE NATE HOLMES, a/k/a MoBetta,
Appellants
v.

TRACEY L. CHANCE; WAYNE CHANCE; AILANI J. ORR; NAUTICA D.
CHANCE, in her individual capacity and official capacity as paralegal for MPL LAW
Firm LLP; SUZANNE H. GRIEST, in her individual capacity and official capacity as
attorney for MPL Law Firm; MPL LAW FIRM LLP, a professional legal entity et al

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 1:25-cv-00446)
District Judge: Honorable Keli M. Neary

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2026

Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: June 26, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellants Monique Naté Holmes and William Edgar Lewis, Jr. (together, Plaintiffs) filed in the District Court a civil rights action related to a child custody matter in York County, Pennsylvania. Their complaint raised over 250 federal and state law claims against the other participants in the custody case: Holmes's biological minor child; the child's paternal grandparents; the child's cousin, who is a paralegal at the law firm of counsel opposing Plaintiffs; the law firm itself; and lead counsel.

The District Court entered final judgment against Plaintiffs after, inter alia, ruling that it lacked jurisdiction over the federal claims; adopting the Magistrate Judge's Report recommending that a motion to dismiss be granted; declining to exercise supplemental jurisdiction over any state law claims; and declining to afford Plaintiffs leave to amend their complaint. Thereafter, Plaintiffs filed three Rule 60 motions to vacate, the third of which prompted the District Court to impose a docket-specific filing injunction.

Plaintiffs then filed a notice of appeal. Their appeal is timely as to the District Court's judgment, on account of Rule 58(c)(2)(B) (providing that if an order of the district court does not satisfy the separate document rule, the order is not deemed entered until 150 days after it is docketed). We have jurisdiction under 28 U.S.C. § 1291.

Plaintiffs present four issues in their opening brief, which they frame as follows: (1) "Misapplication of the *Rooker-Feldman* Doctrine"; (2) "Improper Resolution of Factual Disputes at the Rule 12 Stage"; (3) "Failure to Apply Federal Default Procedures"; and (4) "Improper Dismissal With Prejudice." Br. 13–14.

To begin, we agree with Plaintiffs that the *Rooker-Feldman* doctrine embodies a narrow proscription; it "prohibits federal courts, save the Supreme Court, from reviewing final state court judgments." *In re Whittaker Clark & Daniels Inc.*, No. 24-2210, --- F.4th ----, 2026 WL 1131929, at *8 n.7 (3d Cir. Apr. 27, 2026). Thus, insofar as Plaintiffs did not with their pleading invite the District Court to sit as a state appellate tribunal and directly *review* rulings in their custody litigation, the doctrine would not be applicable. *See also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010) (indicating that the doctrine does not apply "when the source of the injury is the defendant's actions (and not the state court judgments)").

That said, any misapplication of *Rooker-Feldman* would be harmless, as Plaintiffs failed to adequately plead federal civil rights claims against a group of exclusively non-state actors. *See Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("[T]o state a claim of liability under § 1983," the plaintiff "must allege that she was deprived of a federal constitutional or statutory right by a *state actor*.") (emphasis added); *see also Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). That failure includes the absence from Plaintiffs' complaint of plausible allegations of a conspiracy between any of the defendants and a state actor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Plaintiffs' remaining issues require little discussion. Their second issue lacks merit because district courts need not accept factual allegations contradicted by "matters

3

subject to judicial notice," *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004); *accord Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (subsequent history omitted), such as records of relevant state court proceedings, *see In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005). And their third issue also lacks merit; while entry of default against the non-appearing defendants (i.e., the grandparents) in this case was proper, it is still "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010) (citation omitted).

As for Plaintiffs' fourth issue, the District Court did not abuse its discretion in denying leave to amend. Even in civil rights cases, where leave to amend a pleading must be considered sua sponte, district courts may withhold such leave if amendment would be futile. We discern no error in the District Court's futility determination. *Cf. Great W. Mining*, 615 F.3d at 175 ("The standard for assessing futility is the 'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'") (citation omitted).

Accordingly, the judgment of the District Court will be affirmed. Appellees' motion to file a supplemental appendix, which has also been construed as a motion to expand the record on appeal, is denied.